W. R. STANCEL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

When there was an indictment for compounding a felony, and it appeared that the defendant had suffered serious damages from an assault with intent to murder by one Boston; that he had sued out a warrant against Boston, who was arrested and recognized under said warrant; that one Morrow, as the friend of Boston, had applied to defendant to settle the case; that defendant had declined to settle, except for the damages, stating that if he settled the whole, he should have to absent himself from Court; that subsequently, Mr. Doyal, who was defendant's attorney in the suit for damages, had, without any special authority from defendant, and in his absence, settled with Boston for the damages; that in this settlement it was distinctly stated and stipulated that there was no settlement of the prosecution, although, as was then by the written settlement stated, the defendant expressed himself as satisfied, and suggested to the public officers this satisfaction as a matter for their consideration. It further appeared that the defendant was not present at Court at the next term after the assault, although the bill was found on the testimony of other witnesses who were present at the assault. It further appeared that the defendant had received the money paid to Doyal:

*Held*, That there was not, under the law, sufficient evidence to justify a verdict of guilty, especially as it did not appear that the prosecution was, in fact, discontinued, or that Mr. Doyal acted at all on the proposals of Morrow, or that the absence of defendant from Court was in pursuance of any understanding with any one that he should be so absent.

Criminal law. Compounding a felony. Before Judge HOPKINS. Clayton Superior Court. March Term, 1873.

Stancel was placed on trial for the offense of compounding a felony, to-wit: an assault, with intent to murder, perpetrated upon him by one Harvey W. Boston. The defendant pleaded not guilty.

The evidence made substantially the following case:

About January 16th, 1871, Boston shot Stancel through the elbow, saying as he fired, "God damn you, I will kill you." This occurred in the office of the Ordinary, in Clayton county. Boston was arrested and confined in jail. He was subsequently carried before a magistrate, waived examination, and was committed for the offense of an assault with

Stancel *vs.* The State of Georgia.

intent to murder. J. L. Doyal, Esq., was employed to institute an action for the damages sustained by Stancel by reason of said assault.

Boston and his wife requested R. A. Morrow to settle the whole matter. He saw Stancel on the subject; he said he would settle the matter for $1,000 00. Morrow replied, that Boston could not pay that much money. These negotiations were pending for several days. At last Stancel concluded that he would take $500 00 in settlement. All of the money could not be raised. Morrow said that he would be responsible that it should all be paid. Stancel replied, that he would take nobody's word for it, that if he settled he would have to absent himself from Court, and he must have the money. He said he would settle it for $500 00, but at the same time he always talked about it as for damages. Morrow was endeavoring to settle the matter in full, criminal case as well as civil. It was Morrow's understanding that if the matter was settled, Stancel would absent himself from Court. The failure on the part of Boston to raise the money defeated the proposed settlement.

Doyal had been Stancel's attorney in other cases. He requested him to represent the State in the prosecution of Boston. The settlement, as appears by the following instrument, was made by Doyal:

"Received, Jonesboro, March 6th, 1871, of Harvey W. Boston, $400 00, as follows: $350 00, and an order on George Mansfield for $50 00. And this to be a receipt in full of all damages which have accrued to me in and from the wounds inflicted by him, including lawyer's fees, doctor's bill, lost time, etc., and I hereby express myself fully and entirely satisfied and at peace with said H. W. Boston, and have no earthly desire to see him punished for the offense, if offense it be, and desire that the Court and country shall construe my feelings as liberal as possible, not in any event to be construed so as to implicate me for compounding or suppressing crime.

(Signed)                    " JOHN L. DOYAL,
                            " Attorney for W. R. Stancel.

Stancel *vs.* The State of Georgia.

"Also my notes for $100 00, house rent, which he holds, making in all $500 00.

(Signed)                              " J. L. DOYAL,

"For W. R. Stancel."

The $350 00 mentioned in the above receipt was paid by Doyal to the defendant; the $50 00 collected on the order on Mansfield he retained in satisfaction of professional services previously rendered.    The defendant knew where the money came from.    He had left the matter in Doyal's hands to make any settlement which would not implicate him.    He did not give Doyal special authority to collect the money paid from Boston.    Doyal did it under his general authority as an at-torney.    Defendant told Doyal that he must make no settle-ment which would compound a felony; that he did not wish to be so complicated as not to prosecute Boston; that he did not propose to sell his blood for money.    Doyal read to de-fendant a decision of the Supreme Court of Georgia, in refer-ence to compounding felonies, for the purpose of showing him that he could not settle the prosecution; that if he took notes for the damages, Boston could defeat a recovery on them. Stancel was not present at the settlement.    The amount stated in the receipt embraced some fodder and corn for which Bos-ton was indebted to defendant.    It was a full settlement of all matters between them except the criminal prosecution. Defendant was absent from the Court at the term after the assault made upon him.    The true bill against Boston was found upon the evidence of others.

The jury found the defendant guilty.    A motion was made for a new trial upon the ground that the verdict was contrary to the evidence.    The motion was overruled and the defendant excepted.

A. W. HAMMOND & SON; A. W. HEAD; W. H. HEAD; SPEER & STEWART; J. L. DOYAL, for plaintiff in error.

JOHN T. GLENN, Solicitor General, for the State.

Stancel *vs.* The State of Georgia.

McCay, Judge.

We are at a loss to discover from this record the ground upon which the verdict of guilty was found. We do not impute any prejudice to the jury; but we cannot but think there was some gross misconception, or that the truth of the case is not in the record. We see nothing to justify the verdict, under the law. The statute (Revised Code, section 2999,) expressly authorizes the injured party, even if the *tort* is a crime, "to recover compensation for the personal injury;" provided there is no attempt to satisfy the public offense, or to suppress the prosecution.

The proposition of Morrow and the defendant's reply, has no significance, for the simple reason that no action or settlement was then made, nor is there *any* evidence that the action of Doyal was in pursuance of that conference. Indeed, Doyal testifies directly the contrary of this, as he says he acted, after deliberate conference with the defendant, in which it was distinctly understood that the prosecution was *not* to be settled, and that, in the actual settlement, he acted without any special authority, but solely upon his authority as attorney at law, to settle the civil suit. The expressions, in the written settlement of the personal satisfaction of the defendant, and the suggestion to the authorities of that fact, for their consideration in their action towards Boston, is not only not illegal, but is what Stancel might openly and forgivingly say on the stand before the jury. Nor is the simple absence of Stancel from Court at the time the bill was found, sufficient, unless it appeared that it was concerted and a part of the understanding at the time of the settlement. He may have been absent for good reasons, independently of this matter altogether; and if that absence was no part of the consideration for the money received, it would not, of itself, be a crime.

We see in the evidence nothing to justify the verdict. The defendant seems to us to have been *very careful* not to violate the law; and, so far as the record shows, it is clear to us that he did not do so. Judgment reversed.